**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRENDA KAY ROBINSON, THELMA KATHIEREN GERHARD and VICKIE LYNN MINNICK, individually and on behalf of others similarly situated, </br></br> Plaintiffs, </br></br> vs. </br></br> EVERGREEN PRESBYTERIAN MINISTRIES, INC., an Oklahoma corporation, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. CIV-06-1184-M |

**ORDER**

This case is scheduled for trial on the Court's March, 2008 trial docket.

Before the Court is defendant's Combined Motion for Summary Adjudication and for Partial Summary Adjudication, filed January 2, 2008. On January 22, 2008, plaintiffs filed their response, and on February 4, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Defendant provides services to individuals with developmental disabilities so that they can live in their own homes and enjoy the most independent and normal life possible. In order to help the developmentally disabled, defendant provides a Supported Living Program where Habilitation Training Specialists assist the clients with training and assistance in the every day needs of living.

Plaintiffs are eight of defendant's current and former Home Managers, who were paid on a salary basis. Prior to August 22, 2004 and after June 30, 2006, defendant did not pay plaintiffs overtime wages, claiming that plaintiffs were exempt from the overtime requirements of the Fair

Labor Standards Act ("FLSA") under the executive exemption. From August 22, 2004 to June 30, 2006, defendant paid plaintiffs overtime based upon the fluctuating workweek method of overtime pay.

On October 25, 2006, plaintiffs filed the instant action, seeking damages for alleged overtime violations of the FLSA. Defendant now moves this Court for an award of summary judgment, finding that defendant properly classified and compensated plaintiffs under the FLSA as a matter of law, or, alternatively, for an award of partial summary judgment finding (1) that defendant did not act "willfully" within the meaning of the FLSA; (2) that a two year statute of limitations applies from the date on which each plaintiff became a party; (3) that plaintiffs are not entitled to liquidated damages; and (4) that plaintiffs' damages, if any, should be calculated based upon a fluctuating workweek formula.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

    A.   Executive exemption

Under the FLSA, "an employer may not employ a person for more than 40 hours per workweek unless the employee receives overtime compensation of at least one-and-a-half times the regular hourly rate for hours exceeding 40." *In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1178 (10th Cir. 2005); *see also*, 29 U.S.C. § 207(a)(2)(C). The FLSA, however, creates an exemption to its overtime requirement for "an employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). In the case at bar, defendant asserts that plaintiffs qualify for the executive exemption.

The term "employee employed in a bona fide executive capacity" has been defined as any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . .;
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.[1]  Further, the term management has been defined as including, but not limited to, the following:

> activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

Additionally, to qualify for the executive exemption,

> an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. § 541.700(a). Further,

---

[1] The parties do not dispute that during the time defendant claims the executive exemption applies, plaintiffs were receiving the requisite salary.

> [t]he amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

29 C.F.R. § 541.700(b).

Finally,

> [t]o determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

29 C.F.R. § 541.105.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to whether the executive exemption applies to them. Specifically, the Court finds that plaintiffs have presented evidence that their primary duty was not management but was

the direct care of their disabled clients. Plaintiffs have further presented evidence that they did not have the authority to hire or fire other employees and that their suggestions and recommendations as to the hiring, firing, advancement, promotion or other changes of status of other employees were not given particular weight.

Accordingly, the Court finds that defendant is not entitled to summary judgment on the issue of whether the executive exemption is applicable to plaintiffs.

### B.   Fluctuating workweek method of payment

Defendant contends that plaintiffs were properly compensated from August 23, 2004 to July 1, 2006 under a fixed salary for a fluctuating workweek method of payment. The fluctuating workweek method of payment applies "when an employee is paid a fixed weekly salary regardless of how many hours the employee may work in a given week." *O'Brien v. Town of Agawam*, 350 F.3d 279, 287 (1st Cir. 2003) (internal quotations and citation omitted). 29 C.F.R. § 778.114 provides:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary

> from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 776.114(a). Thus, an employer must meet the following requirements before it can pay an employee pursuant to the fluctuating workweek method: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours that the employee works during the week; (3) the fixed amount must be sufficient to provide compensation at a regular rate not less than the legal minimum wage; and (4) the employer and the employee must have a clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the number of hours worked. *O'Brien*, 350 F.3d at 288. Further, to satisfy the clear, mutual understanding requirement, "[t]he employee must clearly understand that the fixed weekly amount compensates for all of the hours worked in that week, rather than a set number of hours . . . and that he or she will receive that amount every week regardless of whether he or she actually works a long or a short workweek." *Flood v. New Hanover County*, 125 F.3d 249, 252 (4th Cir. 1997).

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to whether plaintiffs had a clear, mutual understanding that defendant would pay them a fixed weekly salary regardless of the number of hours worked. Specifically, the Court finds that plaintiffs have submitted evidence that they understood that their salary compensated them for working forty hours per week and that any overtime would be paid at the rate of a specific set amount.

Accordingly, the Court finds that defendant is not entitled to summary judgment as to the issue of the propriety of using the fluctuating workweek method of payment.

C.   Statute of limitations

The FLSA provides that any cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued; . . . ."  29 U.S.C. § 255(a). Defendant contends that the two year statute of limitations applies in the case at bar because any violation of the FLSA was not willful.

The standard for willful violations is whether the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Whether an FLSA violation is willful is a mixed question of law and fact, . . . ." *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have presented sufficient evidence, albeit barely, to create a genuine issue of material fact as to whether defendant's alleged violation of the FLSA was willful. Specifically, the Court finds that plaintiffs have presented evidence that defendant knew or showed reckless disregard for whether its failure to pay overtime to plaintiffs was prohibited by the FLSA. Accordingly, the Court finds that defendant is not entitled to summary judgment on the issue of the applicable statute of limitations.

D. <u>Liquidated damages</u>

Under 29 U.S.C. § 216(b), affected employees shall recover liquidated damages from their employer for violations of the FLSA. An employer, however, may avoid the mandatory nature of an award of liquidated damages if the trial court chooses not to make an award where the employer shows its actions were in good faith and it had reasonable grounds for believing that those actions did not violate the FLSA. 29 U.S.C. §§ 216(b) and 260. Defendant contends that plaintiffs are not entitled to liquidated damages because it acted in good faith and with honest intentions to comply with the FLSA.

Having reviewed the parties' submissions, the Court finds that judgment on this issue is premature. Only after a finding of liability has been reached does this Court reach the issue of liquidated damages. Because the Court, as set forth above, has found that there are disputed issues of material fact regarding defendant's liability under the FLSA, the Court finds that summary judgment as to the issue of liquidated damages is premature at this time. If the jury in this case finds that defendant has violated the FLSA, the Court will address the issue of liquidated damages at that time.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Combined Motion for Summary Adjudication and for Partial Summary Adjudication [docket no. 35].

**IT IS SO ORDERED this 22nd day of February, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE